UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY HERBERT,<br><br>                Plaintiff,<br>v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>                Defendants. | CASE NO. C17-1373JLR<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(E)(2)(B) |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Anthony Herbert's complaint against various defendants (Compl. (Dkt. # 1-1)) and Magistrate Judge Mary Alice Theiler's order granting Mr. Herbert *in forma pauperis* ("IFP") status and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 3) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

ORDER - 1

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Herbert's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND

Mr. Herbert sues Snohomish County, the Snohomish County Sheriff's Department, the Everett Police Department, the Bank of America, "Deputy Wirth" of the Snohomish County Sheriff's Department, "Sgt. Hart" of the Snohomish County Sheriff's Department, and "Judge Lee Tinney," a Court Commissioner of the Snohomish County Superior Court. (Compl. at 2.) Mr. Herbert's allegations stem from an incident on April 2, 2017, while he was traveling on a public transit bus in Everett, Washington. (*See id.*)

Mr. Herbert alleges that the incident began when a man exiting the bus assaulted him as he tried to board the bus. (*See id.*) Three more men allegedly assaulted Mr. Herbert on the back of the bus. (*Id.*) Mr. Herbert claims that he exited the bus "after using a self-defense move to break free from being held." (*Id.*) At this point, Mr. Herbert complains that "[t]he bus paused" for "3 minutes when it was only supposed to be there for 15 seconds." (*Id.*) Mr. Herbert then called the police to report his assailants and alleges that he was approached by an "unknown" Everett police officer at gun point. (*Id.*) The unknown Everett officer then allegedly forced Mr. Herbert to sit on the ground while the three assailants were let go. (*Id.*)

//

Mr. Herbert then claims that the Snohomish County Sheriff's Department took over the investigation. (*Id.* at 2-3.) Mr. Herbert complains that he was cited for trespass and banned from the Everett Transit, Community Transit and Sound Transit systems for 30 days. (*Id.* at 3.) At his subsequent court hearing that he was unable to attend, Mr. Herbert complains that Deputy Wirth "said that [Mr. Herbert] was the aggressor although he made no attempts to investigate." (*Id.*) Mr. Herbert claims that he then filed a complaint with the Snohomish County Sheriff's Department, to which Sergeant Hart allegedly responded that "he did not know the entire story" but still accused Mr. Herbert "of being the aggressor [and] upholding the citation of trespass." (*Id.*) Mr. Herbert asserts that he wished to appeal this decision but was denied. (*Id.*)

Mr. Herbert next complains that the Bank of America ("BOA") branch refused to turn over its video surveillance footage of the incident. (*Id.*) Mr. Herbert asserts that he "called BOA over 30 times in full[,] left messages that were not returned[,] was yelled at[,] hung up on[,] and promised call backs," but still has "not received the video footage that [he] requested pursuant to Rule 34 of the Superior Court Civil Rules of Washington State." (*Id.* at 4.)

In an effort to secure this footage, Mr. Herbert filed a civil complaint against BOA in Snohomish County Superior Court. (*Id.* at 3.) In that proceeding, Mr. Herbert claims to have filed two motions to compel and a contempt motion "due to BOA's lack of respect for the American Judicial System." (*Id.*) On July 16, 2017, Commissioner Lee B. Tinney allegedly denied Mr. Herbert's motion to hold BOA in contempt "without ever reading [his] motion or [his] proposed order." (*Id.*) Mr. Herbert complains that

Commissioner Tinney "went on to write a two-page order of her own stating that the court did not have jurisdiction o[f] [his] case . . . in furtherance of a conspiracy to cover up the crimes and make it so BOA would not have to preserve the footage." (*Id.* at 3-4.)

Mr. Herbert alleges that Snohomish County and Snohomish County Sheriff's Department are "guilty of Retaliation, Civil Conspiracy, Civil Corruption, Civil Cover UP; [sic] State Torts of Negligence, [and] Discrimination."[1] (*Id.* at 4.) He further alleges that BOA, the Everett Police Department, Deputy Wirth, Sergeant Hart, and Commissioner Tinney are "guilty of Retaliation, Civil Conspiracy, Civil Corruption, Civil Cover UP; [sic] [and] State Tort of Negligence." (*Id.* at 4-5.) As a remedy, Mr. Herbert seeks $500,000 in compensatory damages, $500,000 in punitive damages, and $25,000 in nominal damages, as well as "cost and fees of this suit including but not limited to investigatory cost." (*Id.*)

### III. ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The court concludes that Mr. Herbert's complaint appears frivolous, fails to state a claim, and seeks relief from a defendant who is immune from such relief.

//

---

[1] Mr. Herbert repeats the legal claim of "State Tort of Negligence" twice against Snohomish County. (*See* Compl. at 4.)

A complaint is frivolous when it presents an inarguable legal conclusion or fanciful factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although an IFP complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An IFP complaint must also contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

Because Mr. Herbert is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Mr. Herbert does not indicate the law under which he brings his claims. (*See generally* Compl.) However, under a liberal construction, Mr. Herbert appears to be attempting to bring a 42 U.S.C. § 1983 action against the various state officials and local government entities, and various state-law claims against BOA. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Section 1983 requires that the defendant commit "an affirmative act, participate[] in another's affirmative acts or omit[] to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, to state a claim under § 1983, Mr.

Herbert must allege facts that: (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *See Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

Mr. Herbert's complaint under § 1983 must be dismissed because it both contains frivolous allegations and fails to state a claim. First, Mr. Herbert pleads no facts applicable to the liability of Snohomish County, aside from the allegation that he was banned from "all buses in Snohomish County." (*See* Compl. at 3; *see generally* Compl.) A local government may not be sued under § 1983 simply because its employees or agents inflicted an injury. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a government entity may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* The entity may also be liable if it had "a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992).

Here, Mr. Herbert does not allege any factual allegations related to the official policies or customs of Snohomish County, nor does he allege that any Snohomish County policies or customs inflicted the injury of which he now complains, such that the county as an entity must be held responsible. *See Monell*, 436 U.S. at 694-95. Moreover, Mr. Herbert pleads no facts to support an allegation that Snohomish County had a policy or custom of failing to train its employees and thus caused the constitutional violation he

suffered. *See Collins*, 503 U.S. at 123. Thus, Mr. Herbert's claims against Snohomish County must be dismissed under § 1915(e)(2)(B)(ii) for its lack of facts that plausibly support liability. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Herbert's allegations against both the Snohomish County Sheriff's Department and the Everett Police Department must also be dismissed. First, his claims against the municipal police departments are legally frivolous, as it lacks an arguable basis in law. *See Neitzke*, 490 U.S. at 325. Generally, a municipal police department is not a "person" within the meaning of § 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell*, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983."). Therefore, the Snohomish County Sheriff's Department and the Everett Police Department are improper parties in this action.

Moreover, even if the two departments were proper parties, Mr. Herbert fails to allege sufficient facts to support any of his legal claims. Aside from asserting that the investigation of the April 2, 2017, incident fell within the jurisdiction of the Snohomish County Sheriff's Department (*see* Compl. at 2-3), Mr. Herbert provides no other factual allegations regarding the department's liability (*see generally id.*). Likewise, Mr. Herbert asserts only that an unknown Everett Police Department officer responded to the scene (*see id.* at 2) but pleads nothing else about the department's involvement in this case (*see*

//

*generally id.*).[2] Mr. Herbert's broad allegations of wrongdoing on the part of these police departments allow only a speculative inference that the departments are liable for any misconduct, or indeed, engaged in any misconduct at all. Thus, Mr. Herbert's claims against the Snohomish County Sheriff's Department and the Everett Police Department must be dismissed for either frivolousness under § 1915(e)(2)(B)(i), or failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

Mr. Herbert's allegations against Deputy Wirth are similarly lacking for failure to state a claim. Mr. Herbert states that Deputy Wirth "made no attempts to investigate" the incident but deemed Mr. Herbert to be the aggressor.[3] (Compl. at 3.) It is unclear from this lone statement of what constitutional or federal right Mr. Herbert believes that Deputy Wirth deprived him. Construing this allegation liberally, Mr. Herbert may be asserting a violation of his due process rights. But even so, he fails to provide any factual allegations beyond this one conclusory statement, which the court need not accept as true. *See Ashcroft*, 556 U.S. at 678. Mr. Herbert's "unadorned, the-defendant-unlawfully-

//

//

---

[2] Mr. Herbert does allege that "[t]he [Everett Police Department] let all three of the remaining assailants go" (Compl. at 2), which the court interprets as the actions of the individual officer from the Everett Police Department who responded to the incident, not as the response of the entire department as a whole.

[3] Mr. Herbert speaks of Deputy Wirth only one other time in the complaint. Mr. Herbert asserts that Deputy Wirth reported the bus stopped for more than it usually does during the alleged assault on Mr. Herbert. (*See* Compl. at 2.) This assertion, however, is not one that alleges liability but rather utilizes Deputy Wirth's account of the events as support for the complaint.

harmed-me accusation" is insufficient to state a claim, and thus the court must dismiss Mr. Herbert's claim against Deputy Wirth under § 1915(e)(2)(B)(ii). *See id.*; 28 U.S.C. § 1915(e)(2)(B)(ii).

The same applies to Mr. Herbert's claims against Sergeant Hart. Mr. Herbert merely states that Sergeant Hart responded to Mr. Herbert's grievance filed with the Snohomish County Sheriff's Department by "upholding the citation of trespass" and denying his request for an appeal. (Compl. at 3.) Much like the allegations against Deputy Wirth, it is unclear what federal constitutional or statutory right Mr. Herbert was deprived of, and additionally, what set of facts in support of his claims would entitle him to relief. These threadbare allegations do not "raise [Mr. Herbert's] right to relief above the speculative level," *see Twombly*, 550 U.S. at 555, because Mr. Herbert provides no factual basis for them. As such, Mr. Herbert fails to state a claim against Sergeant Hart. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Mr. Herbert's claims against BOA and Commissioner Tinney must also be dismissed. Mr. Herbert seems to believe that both BOA and Commissioner Tinney are involved in a conspiracy to keep him from securing the surveillance footage that depicts the April 2, 2017, incident as a part of a larger effort to "cover up the crimes." (*See id.* at 3-4.) These factual allegations "rise to the level of the irrational or wholly incredible." *See Denton*, 504 U.S. at 33. Moreover, Mr. Herbert alleges no factual allegations as to why BOA's refusal to turn over its surveillance footage—consistent with the Snohomish County Superior Court's order—is retaliatory, part of a civil conspiracy or corruption scheme, or was negligent under applicable state laws. (*See generally* Compl.)

Accordingly, Mr. Herbert's claims against BOA and Commissioner Tinney meets the criteria for dismissal under either a finding of frivolousness or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

Furthermore, judicial immunity precludes Mr. Herbert's claims against Commissioner Tinney. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (holding that judges are absolutely immune from liability for acts performed in their official capacities and are liable only for acts taken in the clear absence of all jurisdiction or that are not judicial in nature); *Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (qualifying municipal court commissioner actions as judicial acts covered by judicial immunity). Mr. Herbert rests on Commissioner Tinney's exercise of her judicial authority because he complains only of Commissioner Tinney's denials of his various motions against BOA and her dismissal of his case based upon a lack of jurisdiction. (*See* Compl. at 3.) In addition, Mr. Herbert makes no allegations that Commissioner Tinney acted in her personal capacity and fails to address how his claims are not barred by the doctrine of judicial immunity. (*See generally* Compl.)

For these reasons, the court dismisses Mr. Herbert's complaint. When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Amendment would not cure the defects in the claims against the Snohomish County Sheriff's Department, the Everett Police Department, or Commissioner Lee Tinney, and thus these defendants will be dismissed without leave to amend. However, for the remaining claims, the court grants

Mr. Herbert fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein. If Mr. Herbert fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies identified herein, the court will dismiss his complaint without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Herbert's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend those portions of the complaint identified above within fourteen (14) days of the filing of this order. However, the court dismisses Mr. Herbert's claims against the Snohomish County Sheriff's Department, the Everett Police Department, and Commissioner Lee Tinney with prejudice and without leave to amend.

Dated this 3rd day of October, 2017.

JAMES L. ROBART
United States District Judge